There is a Form 21 Agreement in the file which was approved by the Industrial Commission and is a part of the record. The parties stipulated that plaintiff was paid temporary total disability benefits from 28 April 1992 through 9 September 1992.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown no good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff, whis is 53 years old and has his GED, was employed by defendant-employer for 30 years at the Sears catalog store. Plaintiff's employment with defendant-employer was terminated on 24 July 1992 in the course of a restructuring whereby full-time employees were gradually let go due to the closing of all of the Sears catalog stores. As part of this restructuring plaintiff was offered and accepted a severance pay package which afforded him one-week of full pay for every year of service, up to 26 weeks.
2. When plaintiff first went to work for defendant-employer his duties involved sweeping and delivery. In 1979 he began filling orders, and he continued in this capacity until 1992. Filling orders involved frequent standing, reaching, riding a forklift, and lifting up to 60 pounds. On 27 April 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he twisted as he was picking up a box and hurt his low back.
3. Following his injury plaintiff came under the care of Dr. Harkins, an orthopaedic surgeon, who without the benefit of x-rays or other testing initially diagnosed lumbosacral strain. Plaintiff was placed on light duty work for one week, then released to regular work.
4. By 11 June 1992 plaintiff was still complaining of low back pain radiating down to the calf. He was advised to continue working on light duty and Dr. Harkins discussed the possibility of obtaining an MRI.
5. On 23 July 1992 plaintiff was worse on exam, his symptoms having progressed to the point where they were indicative of nerve root pressure. An MRI was ordered, the results of which revealed a large ruptured disc at L5-S1 on the left with degenerative disc disease at L4-5. These results prompted Dr. Harkins to advise plaintiff on 4 August 1992 to remain out of work altogether to rest and contemplate surgery.
6. By 9 September 1992 plaintiff had improved with rest to the point that he could return to light duty work. Dr. Harkins' idea of light duty work involves generally sedentary, office-type work, with no lifting over 25 pounds and no repetitive lifting or repetitive manual tasks.
7. Prior to 24 July 1992 defendant-employer provided plaintiff light duty work within his capacity earning the same wages he was earning at the time of the injury ($11.00 an hour). This work also involved filling orders, but did not involve lifting over 20 pounds. After plaintiff was identified as a full-timer to be let go on 24 July 1992, this work was no longer made available to him.
8. Plaintiff reached maximum medical improvement by 11 March 1993 with a 15 percent permanent impairment to his back.
9. At the expiration of his 26 weeks' severance pay, plaintiff applied for and began receiving unemployment benefits beginning mid-January 1993 at the rate of $216.00 per week. These benefits were ongoing at the time of the hearing. In order to receive these benefits plaintiff must apply for two jobs each week. He had applied for work at Guilford County Schools, BMW Auto Parts, and Avis Rent-a-Car, to name a few, but has been unable to secure employment within his light duty restrictions. Defendants have not provided vocational rehabilitation or job search assistance.
10. As a direct and natural consequence of the injury of 27 April 1992 plaintiff suffered a large herniated disc at L5-S1.
11. After plaintiff returned to work in May 1992 and then went back out of work, a Form 26 Agreement for the payment of further temporary total disability benefits was not entered into by the parties. Defendants terminated compensation in September 1992 without approval of the Industrial Commission and submitted a Form 28B to the Industrial Commission which incorrectly indicated that plaintiff had returned to work on 10 September 1992. In fact, plaintiff has never returned to work.
12. As a result of the injury of 27 April 1992 plaintiff was unable to earn any wages in any employment from 4 August 1992 through 9 September 1992.
13. After 9 September 1992 plaintiff did not regain the capacity to earn the same wages he was earning at the time of the injury in the same employment. Moreover, given his light duty restrictions, age (53), limited work experience and education, plaintiff has been unable to locate suitable work earning any wages since 9 September 1992.
* * * * * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. As a result of the injury of 27 April 1992 plaintiff has been totally disabled since 4 August 1992 and is therefore entitled to ongoing benefits pursuant to G.S. 97-29, subject to a credit for defendants pursuant to G.S. 97-42.1 for unemployment benefits paid since January 1993.
2. Defendants are not entitled to a credit for severance pay plaintiff received during the latter half of 1992.
3. Because the compensation paid plaintiff after he returned to work and then went back out of work was not paid pursuant to an order of the Industrial Commission, defendants did not need to seek Industrial Commission approval to terminate benefits in September 1992. Their failure to do so, and the incorrect information provided on the Form 28B with regard to return to work, is therefore irrelevant and will not serve as a basis to assess any penalties against defendants for compensation found due since 10 September 1992.
* * * * * * * * * * * * * * Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendants shall resume payment of temporary total disability benefits to plaintiff from 10 September 1992 at the rate of $271.02 per week, to continue until further order of the Industrial Commission. These benefits shall be paid in a lump sum, subject to a credit for defendants for unemployment benefits paid at the rate of $216.00 per week, and also subject to an attorney fee hereinafter approved.
2. Defendants shall continue to pay all medical expenses incurred by plaintiff for treatment of the involved injury, when bills for the same have been submitted to and approved by the Industrial Commission.
3. Plaintiff's attorney is entitled to a fee of 25 percent of the compensation awarded herein, which amount shall be deducted from the lump sum due plaintiff and paid directly to Mr. Hodgman. In addition, every fourth compensation check shall be forwarded directly to Mr. Hodgman for the balance of his fee.
4. Defendants shall pay the costs.
Plaintiff has requested attorney's fees pursuant to G.S.97-88 in accordance with this appeal to the Full Commission. Defendants shall, in the discretion of the Full Commission, pay a fee in the amount of $3,000.00 as a reasonable attorney's fee for services rendered in defending this appeal.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ BERNADINE BALLANCE COMMISSIONER
JHB/nwm 10/20/94